<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1973**

LINDA MATARESE; DOMENIC MATARESE,

Plaintiffs - Appellees,

v.

ARCHSTONE COMMUNITIES, LLC; SMITH PROPERTY HOLDINGS PARC VISTA,
LLC; MALCOLM MCGREGOR; MITCHELL MANN; AMILCAR GARCIA,

Defendants – Appellants,

and

ARCHSTONE PENTAGON CITY, f/k/a Parc Vista; ARCHSTONE MULTIFAMILY
SERIES I TRUST; ARCHSTONE; DEEQA NUR; KATRINA WOOD,

Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:09-cv-00857-GBL-JFA)

Submitted: February 23, 2012      Decided: February 28, 2012

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part by unpublished per curiam
opinion.

Michael P. DeGrandis, Stuart Alan Raphael, HUNTON & WILLIAMS,
LLP, McLean, Virginia, for Appellants.   Linda & Domenic

Matarese, Appellees Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Archstone Apartment building residents Linda and Domenic Matarese, a married couple, brought a civil action against the Archstone Apartment building owner and managers (collectively, "Archstone"), alleging disability discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 — 3631 (2006) and Virginia Fair Housing Law ("VFHL"), Va. Code Ann. §§ 36-96.1 — 36-96.23 (2000). Mrs. Matarese alleged that her chemical sensitivities qualify her as handicapped under the FHA and VFHL.

After a partial grant of Archstone's motion for summary judgment, the court held a six-day bench trial addressing the Matareses' remaining claims. The district court found that Mrs. Matarese did not have a physical or mental impairment that substantially limited one or more of her major life activities, but that because Archstone regarded her as having such an impairment and discriminated against her on that basis, the Matareses were entitled to damages. 42 U.S.C. § 3604(f)(1); 42 U.S.C. § 3602(h). In addition to awarding attorneys fees, costs, and compensatory damages to the Matareses, the district court also awarded punitive damages as well as equitable and injunctive relief.

On appeal, Archstone argues that the district court erred in (1) finding that Archstone "regarded" Mrs. Matarese as

3

suffering from a physical or mental impairment substantially limiting one or more of her major life activities; (2) awarding punitive damages; and (3) requiring Archstone to provide reasonable accommodations, given that the district court found, and neither party now disputes, that Mrs. Matarese is not handicapped.[1] Under the FHA, it is unlawful to discriminate in the rental, or otherwise make unavailable or deny, a dwelling to a renter because of a handicap of the renter. 42 U.S.C. § 3604(f)(1). The FHA defines "handicap" as (1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 3602(h).[2] Because "handicap" is clearly defined to include "being regarded as" suffering from a physical or mental impairment substantially limiting one or more of her major life activities, and because there is sufficient evidence in the record supporting the finding that Archstone regarded Mrs. Matarese as having such an impairment, we conclude that the district court did not err in finding that Archstone regarded

---

[1] On appeal, the Matareses do not dispute the district court's finding that Mrs. Matarese does not, in fact, suffer from a physical or mental impairment that substantially limits one or more of her major life activities.

[2] The VFHL largely tracks the FHA; accordingly, the parallel claims are analyzed under the same standards.

4

Mrs. Matarese as having such an impairment, even though she actually did not. We further determine that, given Archstone's treatment of the Matareses, the district court did not err in awarding punitive damages.

However, because we hold that the district court's award of injunctive and equitable relief requires Archstone to do nothing more than follow the law it is already required to follow, we vacate that portion of the judgment. See United States v. Grand Labs, Inc., 174 F.3d 960, 965 (8th Cir. 1999) ("An injunction should not ordinarily issue simply because a law has been violated."). We deny the Matareses' motion to dismiss the appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART